Good morning, Your Honors. May it please the Court, my name is Gerard Mooney, and I'm here on behalf of the appellant, CoreLogic Credco, LLC, and I would like to reserve five minutes for rebuttal. This case, as Your Honor noted, is an anti-SLAPP case, so a bit of a change of gears from the prior matters on the Court's docket. And the primary question, at least insofar as the District Court's decision is concerned, is whether the claims made by the respondent, Reynolds & Reynolds, are in fact subject to the SLAPP statute. And the law and the pleadings make clear that those claims are clearly subject to the anti-SLAPP statute. And primarily, this case involves what's often referred to as a mixed cause of action. And a cause of action which contains allegations of conduct, which are both protected by and not protected by the anti-SLAPP statute, still comes within the anti-SLAPP statute, so long as the protected conduct is not incidental to the claim or to the unprotected conduct. And here, what is clear from the complaint, the cross-complaint itself filed by Reynolds, which is found in the excerpts of record, tab 20, pages, in particular, 298, 299, 300, 301, and 302, but even more clearly at 293. Kennedy, did you say cross-complaint? Cross-complaint, yes, Your Honor. It's a cross-complaint filed by Reynolds & Reynolds Company. Actually, you're at Federal Court's counterclaim. Excuse me. Yes, counterclaim, Your Honor. I apologize. Thank you very much. The State Court has this very odd vocabulary. Yes, they do. But I should use the right terms, and I will endeavor to do so. So the counterclaim, excuse me, filed by Reynolds & Reynolds, and in particular, at paragraphs 26, 29, 31, and 41, makes specific and explicit reference to the complaint filed by Credco. And the inclusion of contract terms in that complaint, which Reynolds argues are confidential. And then those allegations with regard to the complaint are reincorporated in each cause of action in the counterclaim filed by Credco. And so the clear implication is that the slab statute applies. And those allegations are not incidental to the claims, to any of the claims. Well, I'll just read paragraph 29. The confidential, and this is in the counterclaim by Reynolds against your client. The confidential and proprietary information relating to Reynolds' customer and pricing information. And the terms of the 1993 agreement and 1995 agreement constitutes trade secrets under California Uniform, da, da, da. So, I mean, I understand you've got a sentence that has two nouns, one of them, or two noun phrases. One of them is the confidential and proprietary information with customer and pricing, and the other one is the stuff that's the recitation of the terms of the complaint. And I understand that the agreement itself provides that while the fact of the agreement is not confidential, the terms of the agreement are confidential. I've got all of that. But as I look at what the real guts of the lawsuit are, the district judge, Judge Houston, has concluded that the real guts of the lawsuit with respect to this claim are the alleged misuse of customer names, customer information, and pricing information, and that reciting a few innocuous provisions out of the agreement in the complaint is small potatoes. Why is he wrong? He's wrong for a number of reasons, Your Honor. One of those reasons being the decision of the California Court of Appeal in Haight-Ashbury, which addressed the question of what is incidental to a cause of action. And as the court there held, an allegation is not incidental where it forms a basis for damages or for a claim for harm. And that is precisely what Reynolds is alleging in its counterclaim. And, in fact, they themselves make that contention numerous times in the complaint, but also in their opposition to the slap motion at page 180, Reynolds itself contends that the complaint is a basis for liability and harm. In the Respondent's brief at pages 14 and 15, 26 and 27, they repeat that the inclusion of the terms of the complaint or, excuse me, the terms of the contract in the complaint is a basis for harm. You know, I have to say, with respect to the trade secrets, I have to say that I have trouble seeing that the terms of the contract, such as are reproduced in the complaint, can conceivably be trade secrets. I'm like, huh, what's the secret about a very normal sort of contract? I understand. Customer information and pricing information, you bet that can be trade secret. But the terms of the contract, I don't get it. I think it's almost a frivolous claim. I would agree with that, Your Honor. Well, so if it's not a frivolous – so if you agree with me that that piece of the complaint, with respect to writing or reproducing snippets from the agreement of the complaint, is a frivolous claim, why is it not also an incidental part of the claim? Because incidental is not the same as frivolous, Your Honor. Incidental, the question there, is really the grovelman of the claim. And as numerous courts have addressed, including the Haight-Ashbury Court, but also, in a recent decision, 2011, Wallace v. McCubbin, 195, Cal Lap, 4th, 1169, and more specifically, 1183, the court there held that an allegation is only incidental if it's not alleged to be a basis for liability. And here, the allegations made by Reynolds clearly are that inclusion of terms from the 1993 contract in the complaint is a basis for liability. The California case law as to what constitutes incidental kind of wanders around. I mean, we got a lot of – I wish we'd get something out of the California Supreme Court, but we have several court of appeal cases. But I'm a little reluctant to disagree with Judge Houston's conclusion here. I mean, the consequence of this is that you've been able to hold the – hold up the proceedings for this counterclaim for a very long time. By first making the slap motion and then bringing the appeal. I have a feeling that Reynolds now wishes they hadn't put that in, because I do think it's an almost frivolous part of it. They just threw it in because I understand there was a confidential requirement in the complaint. It was almost – in the agreement, it was almost irresistible to put it in. I'm quite sure by now they greatly regret that they did, because here we are years into this, and they haven't been able to get past the complaint stage. But to me, a common-sense reading of incidental says a near-frivolous claim, when it's obvious that the guts of the trade secret claim are the misuse or the alleged misuse of customer information and pricing information, I just don't get it. It just doesn't make sense to me as a practical matter. Your Honor, one of the very purposes of the slap statute is to provide for a quick method to remove claims that are frivolous and meritless, but also based upon a party's furtherance of its position of rights. And it's not having that consequence. Here we are on an interlocutory appeal. This is anything but quick. Understood, Your Honor. However, the statute provides for an immediate appeal for a reason, which is to prevent these sorts of cases from being litigated. The guts of the claim would be how has Reynolds been harmed by inclusion of certain allegations in its complaint. That clearly falls within the slap statute. And the California legislature provided a method for attacking such allegations for a reason, which is that they are based upon First Amendment and petition rights. And the California legislature believed and found that that was not an appropriate basis for a cause of action, where merit to the claim cannot be shown. And here, Your Honor's point that this is a frivolous claim goes to that merit prong, that second prong of the analysis, rather than the first. The second prong of the analysis being whether Reynolds has shown a probability of prevailing on its claims. And we've addressed these points in our briefs, but by way of a quick review, first of all, there are no valid contracts here. The contracts were essentially terminated by Reynolds in April 2008. That there was no breach of the contract because the contracts themselves in Sections 8.3 of the 93 Agreement and 10 of the 1995 Agreement specifically provide for disclosure of terms where required by law. And here, pleading of a complaint in order, or excuse me, in the terms of the contract in order to get declaratory relief, one would have to tell the court what the complaint actually says. Yeah, but that's a frivolous argument because it's not required that you don't file this under seal. Your Honor, actually, the complaint itself was not, did not have a copy of the contract attached as an initial matter. No. The argument is that even reproducing terms in the complaint is a violation of the agreement. And you say you're required by law to reproduce them. You're not required to reproduce them in a public forum. You could have asked for that to be done under seal. So for you to say you're required to do it in a public way with a publicly available complaint, that's just wrong. Reynolds itself could have sought the sealing of the complaint, but it didn't. Instead, it filed a counter. But your argument just to me, just a moment ago, was that your client was compelled by law to reveal the terms of the agreement in its complaint. It was the ideal. I just don't think that's true, given that you could have filed it under seal. Do you still make the argument that you were compelled to do it in a public fashion? Your Honor, the complaint pleads the terms in a generalized fashion, and the complaint itself does not attach the complaint, the contracts. I don't think you answered my question.  Perhaps I didn't, Your Honor. You're arguing that your client was compelled by law to put into the complaint the provisions of the agreement that are now being objected to. And I'm saying I don't see why your client was compelled by law to do it in a public fashion when it's readily available to your client to seek to file the complaint under seal. So tell me, if you can, why your client was compelled by law to put these provisions of the agreement in a publicly available complaint. Your Honor, the reason would be because it's not possible to plead a claim for declaratory relief about the meaning and effect of the contract without saying something in the complaint about the meaning and effect of the contract, of what the party believes to be the meaning and effect of the contract. Did you understand that I asked you about filing under seal? I do, Your Honor. So what prevented you from filing it under seal? The complaint potentially could have been filed under seal, but which would require So, in other words, you were not compelled to file it in a way that made it public. Well, we were compelled to include the terms of the contract in the complaint. But that's my only point, Your Honor, is that in order to get effective declaratory relief, one must tell the court what one is seeking declaratory relief on. And the argument by Reynolds isn't even necessarily whether it should have been filed under seal or not under seal. Well, is Reynolds' argument that the context of Credo's complaint includes trade secrets? Yes, that is what Reynolds is saying. Yes, Your Honor. And it's not necessarily whether – Reynolds isn't arguing whether it should have been filed under seal or not filed under seal. They're essentially saying it was included in the complaint and that that itself was wrongful. And that was – It might have been. It violated the contract. Except that the contract stated that the terms could be disclosed for purposes of law, where required by law. And here it was required by law, would be his Credco's position. In order to achieve effective declaratory relief. Well, assuming you're right, just for the sake of argument, I'm not saying that you are, but assuming that you're right, that the allegations regarding protected activity is not incidental to the complaint, is there a middle ground in terms of the remedy here, or are you saying that the only effective remedy for that is actually striking the entire counterclaims at issue? And I think two of the counterclaims are at issue with regard to this motion, correct? No, Your Honor. Actually, all of the counterclaims are at issue. And that's set forth in tab four of the excerpts of record, where the notice of motion was as to the entirety of the counterclaim, not as to two of the – All right. And so what you want is essentially just to have all the counterclaims stricken. Is there a middle ground to have the protected activities stricken, but leave the wrongful pricing activities alone? Because if they were to proceed to trial and prevail, the better basis for liability would be with regard to all of those other alleged wrongful activities, correct? Well, it's our position that there's no probability of prevailing on any part of the claim. But to answer your question – Well, sure, but as a practical matter, does it make sense, and is there authority for striking the allegations regarding protected activity and give them the benefit of the remaining allegations, which seems to me to be the bulk of their claims? The case law, Your Honor, actually provides for the striking of the entirety of the claims. And that is discussed in the Wallace v. McCubbin case, again, 195 Calab 4th, 1169. The Oasis West Realty v. Goldman case, which is the California Supreme Court, 51 Cal 4th at 811. And then also the Haight-Ashbury case and Peregrin v. Sheckard-Mullen cases, which are cited in our briefs. And those cases provide for the striking of the claims in their entirety. And that has been the law since 2007, at least, with the decision in Mann v. Quality Old Time, which provided that a plaintiff – or, excuse me, a slap motion cannot be used to strike a portion of a cause of action. It must be applied to the entirety of the cause of action. And therefore, it follows that if a party, if a slap plaintiff cannot establish a probability of prevailing on its cause of action, then the entire cause of action must be stricken. Let's prevent a Federal district judge and its control over pleading rules in its own court as a matter of procedure, not as a matter of substantive law, to say, okay, I understand that if, under the anti-slap law, I'm required to strike the entire claim, I'll do that. But as a matter of efficiency, I will automatically reinstate those portions of the claim that don't violate anti-slap. Would that be available procedurally to the district judge? I don't believe so, given California law applies here. And also the other thing is, if the district judge says, well, listen, I could dismiss the complaint, or rather, I could dismiss the particular claim, I could require them to refile with an amended complaint with the claim now kind of cleaned up, that's going to be paperwork and lawyer expense, I'm just going to cut to the chase, I'll rewrite it for them and do that as a matter of Federal procedure, not interfering with the substance of the slap law. That would effectively allow for the end run around the slap motion that California law has long provided against. But, of course, if the district judge does strike the cause of action, the plaintiffs are then free to replete with the nonprotected motion, with all of the nonobjectional material. So they're going to replete. So you're going to get there. It's just a question of whether you get there slowly or quickly. Well, Your Honor, the slap statute actually does not provide for amendment of the claim. The slap statute, assuming that the moving party on the slap motion prevails, results in a judgment for the slap defendant. And so you're saying the counter claim, excuse me, the counterclaim, I think what you're saying is that the counterclaim really encompasses two claims. The counterclaim contains claims for breach of contract, trade secret violation, and then a number of additional claims, all of which incorporate the allegations of those first two causes of action. All right. So you're saying that they can't be separated from the other two. They can't be separated once they've been filed. Well, yes, Your Honor. What I'm saying is that once a party includes protected conduct as a not incidental basis for its claim, then the claim itself is subject to be restricted under the slap statute. The whole thing? Yes, Your Honor. And in addition, the Ninth Circuit in Batswell v. Smith recognized that California's anti-slap statute provides an immunity from suit, substantive immunity from suit, and that the Ninth Circuit would apply the law in that fashion, which is why permitting someone to essentially amend around the anti-slap statute would find the basis of the protection that the slap statute is intended to provide. I see that. I'm over. So the district judge, then, couldn't look, is not permitted to look at that claim and strike the portions that are improperly part of it? No. It's not. As the Mann v. Quality Old Time Painters case provided, it doesn't apply to portions of a cause of action. It applies to a cause of action. Okay. And what is the cause of action? Well, here, the cause of action would be breach of contract, trade secret misappropriation, and then the other four claims, the names of which are cancelled. So you've got, you've got, what, two or three causes of action? I believe there's actually five. Five causes of action. I can confirm that for certain. Here we are. It's a tab 20. There's eight, Your Honor. Eight separately denominated counts, yes. Seven, I think. Oh, okay. One, two, three, four. Ah, you're right, because they skipped number five. So, yes, there's seven. And the numbers, the last one says seven. I'm sorry, Your Honor. I was only looking at the caption page of the, of the lawsuit. I'm just reading the complaint. I'm just reading the complaint. I understand that. Okay. Okay. I would reserve whatever balance of time I have for rebuttal. Thank you. Thank you. May it please the Court, Darlene Hemmings, on behalf of Reynolds & Reynolds. We believe that the district court got it right in ruling that the majority of the counterclaims arise out of Kretko's stealing of Reynolds' trade secrets, stealing of his confidential information, and material breaches. Is there a theft claim here? The wrongful taking of the trade secrets, and under California law, under the Penal Code, that is theft. We did not plead a criminal case, no. Yes, so just the stealing seems to me a little bit gilding the lily. Okay, but under California law, under the Penal Code, that is a theft. Yes, but this is not a criminal case. Yes, but, you know, you're sort of stirring up our passions when you talk about it. I apologize. I'm like a really bad juror. Yeah. Let me just ask you a practical question, counsel. As I read the counterclaim, the prayer for relief is very broad. And so your basic theory is they've breached the contract in various ways, including all of the wrongful allegations regarding price and information, but they've also breached the contract by filing a complaint that publicly disclosed terms that were supposed to be confidential, right? So then you get to trial. Let's say the district court is affirmed in terms of how he saw the Graviman test. Are you going to be arguing for damages based on conduct that's protected? Is that going to be the scope of the prayer for relief? With respect to the scope of relief, I think the only thing we ask for is to join in the same disclosure of Reynolds' trade secret information and their confidential information. So with respect to the grant. So there isn't going to be an argument, because as it's written, it's compensatory damages for any conduct that constitutes breach of contract. So as I see it, the California courts have told us that the antislav statute is to be very broadly construed. And if you were to have the benefit of arguing for damages based on protected activity, it seems to me that Reynolds potentially got the benefit, because you mixed up protected and unprotected activity within the counterclaims. First of all, I believe there's recent case law where if there is mixed activity in the claims, the court can strike it, and I'm happy to submit that to the court. The second is the protective allegations. Is that right? Secondly, let me just address that for a moment, because what happened How would you answer the question? Okay. I apologize. So part of my question is that there's authority for striking just a portion of the complaint, meaning striking the allegations, including the prayer for relief, having to do with protected conduct, and then leaving the other allegations alone? Yes. All right. Go ahead. Okay. With respect to, however, the allegations about pleading the confidential terms in the agreement, as Your Honor alluded to earlier, there were a number of options. Number one, they could put the agreements under seal, as Reynolds did when it filed the anti-SLAP motion and all the evidence in support of it. The pleading requirements under Federal law do not require that they disclose all of the contract terms that they agreed would be confidential, which have negotiating benefits and business strategy benefits. So all of that basically says that the parties did not have to put the confidential information in the contract and the complaint itself. So with respect to that point, then, is it not a Flatley situation where, as a matter of law, this Court looks at it and says, okay, they have an obligation under the agreement not to put it in. They didn't need to legally do it, and therefore, as a matter of law, it's not constitutionally protected activity because they agreed not to do it. And so I think even though we agree it's incidental, and I think that's the most important point that the district court concluded, is it went through all of the different wrongful acts, all of them which had occurred well before any litigation was filed, and they all had to do with Credco taking Reynolds' pricing information, its dealer database, and going directly to Reynolds' customers and trying to sell them Credco products as opposed to the parties' joint product of Credit Master, specifically cut Reynolds out of the deal entirely, undercut all of Reynolds' prices, usurp Reynolds' rights under the contract to basically set the pricing for Credit Master, usurp its right to put together the service packages, all of that, and in light of all of that evidence, the district court said, so essentially, it's incidental that they also pled that when Credco walked into court and violated the confidentiality clauses of its agreement and pled them publicly as to all the terms that it wanted to basically turn over and show its competitors or the people it was soliciting, that's incidental to everything else that was alleged in all the counterclaims. Right. But I think you're sort of mixing up the first and second stage of the analysis under anti-SLAP statute, because with regard to the first prong, it's really the conduct, regardless of whether it's an allegation that that conduct was unlawful or not. But setting that aside, is there an option for Reynolds to voluntarily strike some of these offending allegations or purportedly offending allegations, or is that not a practical solution here? I think it is a possibility. I mean, I think just strike that allegation out of the complaint. And like I said, there is California law now that does basically address that. And what California law is that? I would have to provide it to the court, Your Honor. It's a recent case that I just briefed in another appeal. And you didn't give us a 28-J letter on that? I apologize, Your Honor, I did not. And do you have the citation here with you back at your counsel table? I do not. I'd have to submit it to the court. Well, you're supposed to keep us up to date. I understand, Your Honor. You have no idea how many hours we spent on it. Our position is that this- Hours and hours and hours. It's your duty to keep us appraised. I understand, Your Honor. I apologize. We're apprised. Our position is still the same as the district court, that this is incidental. And that Ninth Circuit law is clear that when there's protected and unprotected activity, that's put into the same cause of action. What the court does is look to what the gravamen of the complaint is. And as the district court found in that – in this case, it is clear. The gravamen of the complaint are the private trade secret violation of confidential information, communications that occurred well before the litigation in a private commercial context, which are clearly not covered by the anti-SLAPP statute under the World Financial case. They don't fall within prongs three and four. With respect to, again, the allegations with respect to the confidential contract allegations, it was clear that the parties agreed that those would remain confidential. There's also law that says if the parties agreed to that and they're part of a confidential contract, then, in fact, that's a violation of trade secret to go ahead and put them into the contract – I mean, into the complaint. And there were numerous alternatives here as to what CREDCO could have done in pleading – or, yeah, essentially in pleading its breach of contract claim without making – which is because of the inclusion of contract terms in the CREDCO's complaint. Essentially, as Her Honor stated earlier, the complaint is broad. But our position is we only ask for simply do not disclose our trade secret and confidential information in jointed only.  You're not asking for any damages. We do ask for damages as to other breaches of the agreement. No, but I mean on that particular item that we've been talking about, you're not asking for damages on that. Is that right? I think that our complaint is broadly written. But with respect to the trade secret information, again, we've asked for them to enjoin public disclosure of it. I'm not talking to you about that. I'm talking about these contract provisions that are in the complaint that you're complaining about. With respect to the counterclaims, the counterclaims that are in the CREDCO, again, we ask that judgment be entered against him for actual damages for the unlawful conduct herein. So attorneys and costs, punitive and exemplary damages, gains, profits, and advantages derived from the unlawful conduct, and restitution according to proof, compensatory damages. So we do have damage prayers that run toward the entire counterclaims. I'm sorry. But that's how I read it. It sort of creates a practical problem here. Before I lose my train of thought on this, the case law that you were referring to, the one for which you have no ready citation today, does that permit the parties in the midst of litigation to sort of on their own work together, clean it up so that the matter can proceed forward quickly on the merits? I think that the parties would always have that right to do that. Thank you. I would not mind if you would please submit to the Court any authority that you have. I think for my purposes, simply a citation to whatever cases exist without explanation. I mean, that's – once you start explaining it, that's going to talk about briefs and counterbriefs. Just give me some case names. Yes, Your Honor. If they are actually supportive of the position you've just advanced. Yes, Your Honor. Does the Court have any other questions for me? I'll submit. Thank you. I'm afraid you're out of time, Gil. Yes, I suppose I did get a little over the question at this time. But since the Court's involved in this, I do have a follow-up point. If the Court wishes to hear any more, I hope that's true. All right. And I will be very brief. First, with regard to the additional authority, I'm not sure what case counsel is referring to, but as far as we're aware, the current state of the case law is that portions of a cause of action cannot be stricken, that the entirety of a claim must be stricken. And then it's gone forever. Correct, Your Honor. Well, it's not gone forever. It's dismissed without prejudice to refiling it without the offensive material. No. Actually, Your Honor, the proper procedure would be for the striking of the claim and the entry of judgment on that claim rather than allowance of an amendment. I don't read California law that way at all. If you dismiss a mixed claim under an anti-SLAP measure, it is dismissed, but without prejudice to refiling it. But the new refiled complaint can't have the protective material in it. Are you saying that the entire claim, the protected, the unprotected dissonance with prejudice? Yes, Your Honor. His buddy back there gives all the answers. Well, maybe you better give me a citation of that, too, then. Give me a case on that one. Yes, Your Honor. The mixed cause of action cases include Mann v. Quality Old Time Theater, the Wallace case. I can provide the court with the site again. It's 195. So which one is this, Mann? I'm sorry. No, that's not Mann. That's Wallace, the site I'm providing. 195 Kellap 4th, 1169. That's from 2011. Yes, but listen, you have to write that down on our slip sheets, our gum sheets that taste very good, too. So I will do that. So why don't you both of you submit, maybe in the next day or so, just submit to the court whatever citations you have. Yeah, okay. Certainly, Your Honor. You do know about the gum sheet. I'm sorry, I don't. I don't know. We got you on that. I'm sure the court could catch me in many ways. We'll give you a sample before you leave. Thank you. The only other points I would make with regard to Flatley, the Flatley case, the California Supreme Court case counsel alluded to with regard to illegality. The illegality must actually be undisputed or admitted in order for illegality of conduct to preclude application of SLAP on the first prompt. And here, that's certainly not the case. Counsel also cites the World Financial case, which Reynolds argues precludes use of SLAP or application of SLAP to trade secret or confidentiality provisions. But World Financial was a case dealing with an actual agreement not to bring claims. And that is not, even under the broadest reading of the 1993 or 1995 agreements and the confidentiality provisions, they do not preclude the filing of claims. And to answer Your Honor's question prior, that, yes, Reynolds does seek damages based on the pleading of contract terms in the complaint. And with that, Your Honors, unless there are any other questions, I'll submit. Okay. Thank you. Thank you very much. The matter is submitted.
judges: Pregerson, Fletcher, Nguyen